```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF WISCONSIN
```

GEORGE TAYLOR,

                      Plaintiff,

  v.                                                            OPINION and ORDER

DR. SYED, H.S.N.C. DOEHLING, NURSE TRISH               19-cv-299-jdp
ANDERSON, NURSE DENISE VALARIUS,
SGT. PAUL,

                      Defendants.

---

      Pro se plaintiff George Taylor, an inmate at Columbia Correctional Institution (CCI), alleges that defendants failed to provide treatment for his foot injuries. After screening his complaint, Dkt. 1, I granted Taylor leave to proceed on Eighth Amendment deliberate indifference claims and state-law negligence claims against several defendants. Dkt. 12. But I concluded that he did not state a claim against defendant Sergeant Paul, and I dismissed Paul from the case.

      Taylor moves for reconsideration of my order dismissing Paul, Dkt. 13, and he submits a supplemental statement of facts. Dkt. 15. I will grant the motion, and I will allow Taylor to add Paul as a defendant in the case.

## ANALYSIS

      Taylor alleges that Paul violated the Eighth Amendment and acted negligently under Wisconsin law. The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state an Eighth Amendment claim, Taylor must allege that Paul was aware of a

serious medical need and consciously failed to take reasonable measures to help him. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). To state a negligence claim, Taylor must allege that Paul breached a duty of care that he owed to Taylor. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Taylor says that he needs to wear orthotic shoes due to various foot problems, but that Paul, the property sergeant at CCI, would not allow him to order his prescribed shoes. In his original complaint, Taylor alleged that in 2015, a doctor approved his request to order shoes from an outside vendor that cost more than $75 (the prison's normal price cap). He also alleged that Dr. Syed approved him for a "third pair of shoes," but that Nurse Denise Valerius cancelled Syed's order. When I screened Taylor's complaint, I concluded that Taylor did not state a claim against Paul for denying his request for orthotic shoes because Nurse Valarius had already canceled the order, and because it was reasonable for Paul to defer to the judgment of the prison's medical staff.

Taylor now clarifies that Syed's order was not an order giving him permission to buy new shoes. It was an order allowing him to possess three different pairs of shoes at the same time. He says that Valarius canceled the order allowing him to possess three pairs of shoes, but she did not cancel the older, "permanent order" allowing him to order orthotic shoes form an outside vendor that cost more than $75. Dkt. 15, at 1. According to Taylor, the previous property sergeant allowed Taylor to order orthotic shoes in compliance with this order. But when Paul became the property sergeant in January 2018, he told Taylor that Taylor would no longer be allowed to order orthotic shoes. Taylor says that Paul had access to the standing order allowing him to buy shoes but refused to follow it.

2

I conclude that Taylor's supplemental allegations state claims against Paul for deliberate indifference and Wisconsin-law negligence. Based on Taylor's allegation that Paul had access to the standing order allowing Taylor to order outside orthotic shoes, I can infer that Paul knew that Taylor's foot injuries were a serious medical need. Paul's alleged refusal to follow the order show that he was deliberately indifferent to Taylor's medical needs. And Taylor's allegation that Paul refused his request to order shoes that he needed for medical reasons is also sufficient to state a claim that Paul breached a duty of care.

The operative pleading will be Taylor's original complaint as supplemented by Taylor's additional statement of facts. The addition of Paul as a defendant in this case should not affect Taylor's pending motion for a preliminary injunction, and the parties should continue to brief that motion as scheduled.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor is GRANTED leave to proceed on Eighth Amendment deliberate indifference and Wisconsin-law negligence claims against defendant Paul.

2. The attorney general's office may have until July 9, 2019, to inform the court whether it accepts service on behalf of Paul.

3. The operative pleading is Taylor's original complaint, Dkt. 1, as supplemented by Taylor's additional statement of facts, Dkt. 15.

Entered June 25, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge