IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

  v.

H.S.U. MANAGER MASHACK,
H.S.U. MANAGER RANAY SCHULER, DR. SYED,
H.S.N.C. DOEHLING, NURSE TRISH ANDERSON,
NURSE DENISE VALARIUS, RN/AHSN A. HODGE,
L. ALSUM O'DONOVAN, and SGT. PAUL,

                Defendants.

OPINION and ORDER

19-cv-299-jdp

---

Pro se plaintiff George Taylor, an inmate at Columbia Correctional Institution, alleges that defendant prison officials have failed to adequately treat his extensive foot problems. These problems include flat feet, bunions, neuropathic pain, ankle pain, and hammer toe. Dkt. 9-1, at 5, 7, 9, 12. He brings claims under the Eighth Amendment to the United States Constitution and Wisconsin negligence law. Taylor asks me to issue a preliminary injunction ordering Columbia staff to do three things: (1) send him to a podiatrist outside Columbia and abide by any treatment ordered or recommended by the podiatrist; (2) allow him to order special shoes from outside vendors that exceed the Department of Corrections' $75 limit; and (3) re-prescribe him the pain reliever Gabapentin. Dkt. 6 and Dkt. 7. Taylor also asks to supplement his motion for a preliminary injunction with an additional declaration and supplemental statement of facts. Dkt. 38. Defendants have not objected to Taylor's motion to supplement, so I will grant that motion.

ANALYSIS

A preliminary injunction gives a party temporary relief during a pending lawsuit. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). It is "a very far-reaching power" that a court should only use when "a case clearly demand[s] it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone*, 110 F.2d 292, 293 (3rd Cir. 1940) (per curiam)). To receive a preliminary injunction, Taylor must show three things: (1) that he has a reasonable chance of success on his underlying claims, (2) that he cannot get an adequate remedy without the injunction, and (3) that he would suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Taylor shows these three things, I must then balance the harm that denying the injunction would cause to Taylor against the harm that granting the injunction would cause to the defendants. *Id.* Finally, I must assess the requested relief under the requirements of the Prison Litigation Reform Act, which imposes additional restrictions on injunctive relief in prisoner litigation.

**A. Success on the merits**

The first threshold question in the injunction analysis is whether Taylor has a reasonable chance of success on his claims. At the screening stage, I was required to take the allegations in Taylor's complaint as true, meaning that Taylor wasn't required to support his claim with any evidence. *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 919 (N.D. Ill. 2002). But now he has to provide enough evidence to show that his Eighth Amendment claims have at least a "better than negligible" chance of success at trial.[1] *Roland Mach.*, 749 F.2d at 387

---

[1] The chance of success of Taylor's state-law negligence claims doesn't matter for the purposes of his preliminary injunction because the Eleventh Amendment to the United States Constitution prohibits federal courts from issuing commands to state officials based on state

(quoting *Omega Satellite Prods. Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982)). At this point, Taylor doesn't need to show that his claims will *probably* succeed, only that they will *potentially* succeed. But the weaker Taylor's claims appear, the more the balance of harms must weigh in his favor to receive an injunction, and vice versa. *Sofinet v. Immigration and Naturalization Serv.*, 188 F.3d 703, 707 (7th Cir. 1999).

The Eighth Amendment forbids prison officials from intentionally ignoring the risk caused by a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103–04 (1976). Defendants don't dispute that Taylor's foot problems are a serious medical need. Dkt. 18, at 9. But Taylor will also have to show that defendants were aware of his serious needs but consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A refusal by prison officials to provide prescribed medical treatment can meet this standard. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). After screening, I allowed Taylor to proceed with Eighth Amendment claims against five defendants. Dkt. 12 and Dkt. 29. I will assess the chance of success of each of these claims based on the evidence before me now.

First, Taylor says that Trish Anderson, a nurse, canceled his outside podiatry appointment in 2015 despite a doctor's order for the appointment. A doctor did refer Taylor to an outside podiatrist on June 26, 2015. Dkt. 9-1, at 11. But that doctor then consulted with defendant Dr. Syed, after which the doctor—not Anderson—canceled the podiatry referral and placed Taylor in physical therapy to address his foot problems. Dkt. 21, ¶ 21 and Dkt. 21-1,

---

law, *Colon v. Schneider*, 899 F.2d 660, 673 (7th Cir. 1990).

at 50. Taylor's claim against Anderson has no chance of success without evidence that Anderson was responsible for canceling his appointment, which Taylor hasn't yet provided.

Second, Taylor says that another nurse, Denise Valarius, canceled defendant physician Syed's order allowing Taylor to have a third pair of shoes on February 8, 2016. Valarius wrote a note specifying that Taylor must follow the institution's shoe rules, which permit male inmates to own only two pairs of shoes.[2] Dkt. 9-1, at 41; Dkt. 14, at 1; Dkt. 21-1, at 82. If Valarius consciously ignored a doctor's treatment orders without a legitimate purpose, she would have violated Taylor's Eighth Amendment rights. This claim has a reasonable chance of success.

Third, Taylor says that Syed refused to send him to an outside podiatrist despite another doctor's order that he see one. But Syed didn't act alone in this decision. Rather, he consulted with the other doctor, and they agreed that Taylor should enter physical therapy instead. Taylor also argues that after his physical therapy was unsuccessful, Syed should have referred him to a podiatrist. But Syed didn't believe this was necessary because Taylor had shoes, ice, and pain medication. Dkt. 21, ¶ 28 and Dkt. 21-1, at 46. At this point, it appears that Taylor simply disagrees with Syed about his medical treatment, which isn't enough to support an Eighth Amendment claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Fourth, Taylor says that Doehling, a Health Services Unit staff member, improperly denied his grievance about not being sent to a podiatrist. Taylor says that if Doehling had

---

[2] There is some controversy about who actually wrote this note. Lucinda Buchanan, Columbia's Health Services Manager, says in a declaration that Syed, not Valarius, wrote this note. Dkt. 21, ¶ 28. But it appears to be in Valarius's handwriting and is followed by her initials. Dkt. 21-1, at 82. So for purposes of Taylor's motion for injunction, I'll assume that Valarius wrote the note.

reviewed his entire chart, and not just only old x-rays, Doehling would have seen a doctor's order and a physical therapist's recommendation to see a podiatrist. According to Taylor, Doehling should have realized that Taylor needed to see a podiatrist. But the doctor that had ordered a podiatry referral changed his or her mind after a discussion with Syed. And the physical therapist's note didn't expressly order a referral but merely said that Taylor "[m]ay benefit from podiatry for feet/bunion concerns." Dkt. 21-1, at 82. Taylor hasn't shown that his file contained an active medical order to see a podiatrist, so the claim against Doehling does not have a reasonable chance of success.

Fifth, Taylor says that Paul, Columbia's property sergeant, refuses to allow him to order shoes from outside vendors above the $75 limit despite a permanent medical order that he be allowed to do so. Taylor has provided prison documents ("Special Handling Summaries") including medical orders from several dates, most recently November 15, 2018. Dkt. 9-1, at 13, 19, 29, 32, 35. Taylor says that he told Paul that the Health Services Unit allowed him to order shoes in this way, that he asked Paul to review his Special Handling Summary, and that Paul still refused to allow him to place an order for shoes. Dkt. 14, at 2 and Dkt. 15, at 2. Defendants did not address Taylor's allegations against Paul in their answer, Dkt. 37. So based on what the parties have filed so far, this claim has a reasonable chance of success.

Taylor's claims against Valarius and Paul have a reasonable chance of success. Those claims concern Taylor's efforts to acquire shoes that would alleviate his foot pain. His claims against the other defendants do not have a reasonable chance of success. Those claims concern Taylor's efforts to get a podiatry referral and his Gabapentin prescription. So at this point, the only injunctive relief that I will consider is Taylor's request to order special shoes, even if it means ordering from an outside vendor and exceeding the usual two-pair limit.

5

**B. Inadequate legal remedy and irreparable harm**

The second and third threshold questions in the injunction analysis are whether Taylor could achieve an adequate remedy without an injunction and whether he would suffer irreparable harm. Taylor has alleged severe pain that affects his daily living, which is enough to make this showing. *See Bentz v. Ghosh*, 718 Fed. Appx. 413, 420 (7th Cir. 2017). Money damages might compensate Taylor for any pain he is forced to endure, but damages will not prevent his current suffering. Taylor's ongoing pain constitutes an irreparable harm for which there is no adequate legal remedy.

**C. Balance of harms**

After a plaintiff meets these threshold requirements, the next step in the injunction analysis is the balance of harms. I must balance Taylor's risk of harm if the injunction is denied against the defendants' risk of harm if the injunction is granted on a "sliding scale" based on Taylor's chance of success at trial. *Sofinet*, 188 F.3d at 707. Taylor has a reasonable chance of success on the merits, although the odds are not overwhelmingly in his favor. Eighth Amendment cases are difficult to prove, and Valarius and Paul may well adduce evidence that they did not consciously disregard his pain for no legitimate reason.

Despite only middling chances of success, the balance of harms favors Taylor. If I deny the injunction Taylor likely suffers continued foot pain. The harm that defendants would suffer if I grant Taylor's request is relatively modest: Taylor would be allowed another pair of shoes.

**D. Prison Litigation Reform Act**

Taylor's motion must be evaluated under the Prison Litigation Reform Act, which requires that injunctive relief be narrowly drawn to correct only the harm at issue and to be no more intrusive than necessary. 18 U.S.C. § 3626(a)(2). I must give substantial weight to any

negative impact the relief might have on public safety and the operation of the criminal justice system. *Id.* I see no significant impact on public safety or the operation of the criminal justice system in Taylor's request for alternative shoes.

But it is not entirely clear to me why Taylor has not been able to get relief. Defendants' brief suggests that Taylor may be allowed to order the shoes he thinks he needs. *See* Dkt. 18, at 14. I will not issue an injunction if one is not actually needed.

I will give defendants a short time to supplement their answer with responses to Taylor's allegations against Paul. Dkt. 15. Defendants must also clarify whether Taylor can order special shoes as specified in the most recent Special Handling Summary he's submitted, Dkt. 9-1, at 35. If defendants' submissions show that Taylor can order the shoes he needs, I will deny his motion as moot. Otherwise, I will schedule a hearing on Taylor's motion.

ORDER

IT IS ORDERED that defendants have until September 13, 2019, to supplement their answer with responses to plaintiff George Taylor's allegations against defendant Paul, Dkt. 15, and to submit a declaration stating whether Taylor may order shoes from outside vendors in excess of the Department of Corrections' $75 limit as specified in Taylor's November 15, 2018 Special Handling Summary, Dkt. 9-1, at 35.

Entered September 6, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge