IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,
  v.
                                                     OPINION and ORDER
SALAM SYED, LORI DOEHLING,
TRISHA ANDERSON, DENISE VALERIUS,                       19-cv-299-jdp
and DALE PAUL,

                Defendants.[1]

---

Plaintiff George Taylor, an inmate at Columbia Correctional Institution (CCI), suffers from extensive foot problems. He says that defendants violated the Eighth Amendment to the United States Constitution and Wisconsin negligence law by denying him needed medical care for his feet and by refusing to follow a doctor's standing order allowing him to order shoes outside of CCI's normal restrictions.

The parties have filed several motions. Defendants say that Taylor's negligence claims should be dismissed because he did not give required notice to Wisconsin's attorney general before filing this suit. Dkt. 44. They also say that they are entitled to summary judgment on Taylor's Eighth Amendment claims against three defendants because he failed to exhaust his administrative remedies before filing suit. *Id.* I agree that Taylor did not satisfy either requirement, so I will grant defendants' motion.

Taylor asks to amend his complaint to add new Eighth Amendment claims and state-law negligence claims against defendant Dale Paul and four new defendants. Dkt. 67. Taylor's

---

[1] I have updated the caption to reflect defendants' names as stated in Dkt. 37 and Dkt. 51.

proposed amendments do not state any claim upon which relief may be granted, so I will deny his request as futile.

Taylor also asks me to direct defendants to allow him to order shoes under the doctor's standing order. Dkt. 67 and 72. These requests are not related to any of Taylor's surviving claims, so I will deny them.

ANALYSIS

**A. Motion to dismiss**

Defendants move to dismiss Taylor's state-law negligence claims against all defendants, contending that Taylor failed to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. That statute provides that a claimant bringing a civil action against a state employee must serve written notice of the claim on Wisconsin's attorney general within 120 days of the event giving rise to the action. Wis. Stat. § 893.82(3). The notice must include the names of each state employee involved. *Id.* Claimants who are prisoners may not commence a civil action against a state employee "until the attorney general denies the claim or until 120 days after the written notice . . . is served upon the attorney general, whichever is earlier." Wis. Stat. § 893.82(3m). The statute requires strict compliance. *Riccitelli v. Broekhuizen*, 595 N.W.2d 392, 399, 227 Wis. 2d 100 (1999).

Taylor concedes that the notice of claim he filed did not include the names of the employees involved and that most of his state-law claims should therefore be dismissed. Dkt. 53, at 1. But he contends that his state-law claims against Paul should survive. He says that he could cure the defect in his notice of claim against Paul by filing a new notice of claim. But the statute does not allow a prisoner to cure defects in a notice of claim after filing a

lawsuit—it says that a prisoner may not commence a civil action *until* his claim has been denied or 120 days has elapsed since the prisoner served notice, whichever is earlier. So I will grant defendants' motion and dismiss all of Taylor's state-law claims.

**B. Exhaustion motion**

Defendants ask for summary judgment on Taylor's Eighth Amendment claims against defendants Denise Valerius, Lori Doehling, and Paul, contending that Taylor did not exhaust his administrative remedies for his claims against those defendants. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). The exhaustion requirement's "sole objective . . . is to permit the prison's administrative process to run its course before litigation begins." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (per curiam). The only grievance that Taylor exhausted prior to litigation accused Syed and unnamed Health Services Unit staff of refusing to send him to a podiatrist and accused Anderson of canceling his visit to a podiatrist. Dkt. 47-2, at 10–11. It did not mention the substance of Taylor's claims against Valerius, Doehling, or Paul. *See id.*

Taylor does not contend that he exhausted his claims against Doehling, so I will grant defendants' motion as to her because it is unopposed. Taylor contends that he exhausted his remedies against Paul and Valerius after filing this lawsuit.[2] But the PLRA requires prisoners to exhaust their administrative remedies before bringing suit, not after, so any exhaustion efforts after filing were too late to satisfy this requirement. *See Perez v. Wis. Dep't of Corr.*, 182

---

[2] Taylor presents his arguments regarding Paul in two supplemental briefs. Dkt. 59 and Dkt. 61. Defendants requested leave to respond to Taylor's first supplemental brief. Dkt. 60. Although Taylor did not request leave to file either additional brief, I will grant him leave to do so and I will grant defendants' request to file their additional brief.

F.3d 532, 534–35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.") (emphasis in original). Accordingly, I will also grant defendants' exhaustion motion as to Paul and Valerius.

**C. Motion to amend complaint**

Taylor has asked to add new claims against Paul and four new defendants—CCI employees Lieutenant Loden, Correctional Officer Bortz, Correctional Officer Elliot, and Sergeant Ziegler—to his complaint. Dkt. 67, at 1. I will construe this as a supplement to his complaint under Federal Rule of Civil Procedure 15, which requires me to freely give parties leave to amend their pleadings "when justice so requires." But if amendment would be futile, I may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In a supplemental statement of facts, Dkt. 64, Taylor says that he ordered a pair of Gucci loafers from an outside vendor. He ordered these loafers under a standing order from his doctor that allows him to order shoes from outside vendors that cost more than the prison's $75 limit. The loafers were delivered on October 18, 2019. The next day, Zeigler gave Taylor a notice that said Taylor could not have loafers that were ordered from an unrecognized vendor. Taylor asked why he could not have the loafers, and Zeigler replied that they were "over the price limit." *Id.*, ¶ 2. Taylor told Zeigler about his medical order, but Zeigler replied that Taylor still could not have the shoes.

The same day, Taylor wrote a note to Loden and Paul asking why his loafers were not delivered. In their response, Loden and Paul said that the loafers "are not shoes," directing Taylor to file an inmate complaint if he wished. *Id.*, ¶ 3.

Two days later, Taylor encountered Bortz and asked him who was responsible for deciding not to deliver the loafers to Taylor. Bortz responded that he, Loden, Paul, Elliot, and Zeigler had made the decision. Bortz said that he did not have to explain why they had done so. Later that day, Bortz asked Taylor, "Do you really think you can have those Gucci loafers? They cost too much." *Id.*, ¶ 5. Taylor told Bortz that he could exceed CCI's $75 limit. Bortz responded that Taylor could not, then began singing at Taylor in a mocking way. Taylor also sent a written note to Bortz asking who had decided to withhold the loafers, to which Bortz responded, "ICE," meaning an inmate complaint examiner. *Id.*

Taylor seeks to bring claims against these five defendants under the Eighth Amendment and Wisconsin negligence law. The Eighth Amendment prohibits prison officials from consciously ignoring the risk posed by a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state an Eighth Amendment claim, Taylor must allege that the defendants were aware of his serious medical need and consciously failed to take reasonable measures to help him. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Refusal to follow a doctor's orders can violate the Eighth Amendment in this way. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). To state a negligence claim, Taylor must allege that the defendants caused harm to Taylor by breaching a duty of care that they owed to him. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

I infer from Taylor's allegations that all five of these defendants were aware of his doctor's order regarding his shoe needs and that they were thus aware that Taylor's foot injuries were a serious medical need. But the doctor's order contained the implicit requirement that any shoes Taylor ordered under it must be to address his medical needs. And it is not plausible that a pair of luxury loafers is medically necessary. If Taylor's foot injuries require slip-on shoes,

5

he can order a pair of slip-on loafers from one of the prison's vendors, as he notes in a separate filing, Dkt. 63, at 2. So Taylor's proposed amended complaint does not state an Eighth Amendment claim against any defendant. And for the same reasons, it does not state a negligence claim against any defendant. Because Taylor's proposed amended complaint would be futile, I will deny his request to amend his complaint.

**D. Motions for injunctive relief**

Taylor has asked me to order defendants to allow him to order shoes under the terms of the standing order from his doctor. Dkt. 62. He calls this a request for a temporary restraining order, a form of injunctive relief that may be granted without notice to defendants. Fed. R. Civ. P. 65(b). But his filing shows that he is requesting a preliminary injunction, because he doesn't ask for relief without notice to defendants. *See* Fed. R. Civ. P. 65(a). And this isn't the type of extreme case where I would consider granting injunctive relief without notice. So I will treat his motion as a motion for a preliminary injunction. Taylor has since filed additional motions asking for the same relief. Dkt. 67 and Dkt. 72.

To obtain a preliminary injunction, a plaintiff must show "some likelihood of succeeding on the merits" of his underlying claims. *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984). But Taylor's only surviving claims are against Syed and Anderson, alleging that they did not allow him to visit a podiatrist for his foot problems. Because Taylor's remaining claims are unrelated to the injunctive relief he requests, I will deny Taylor's motions for a preliminary injunction.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss and for summary judgment in part, Dkt. 44, is GRANTED. Plaintiff George Taylor's Wisconsin-law negligence claims against defendants Syed, Doehling, Anderson, Valerius, and Paul are DISMISSED without prejudice for Taylor's failure to comply with Wisconsin's notice-of-claim statute. Taylor's Eighth Amendment claims against Valerius, Doehling, and Paul are DISMISSED without prejudice for Taylor's failure to exhaust his administrative remedies.

2. Taylor's motion to amend his complaint, Dkt. 67, is DENIED.

3. Taylor's motions for preliminary injunctions, Dkts. 62, 67, and 72, are DENIED.

Entered March 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge