IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                      Plaintiff,

v.

SALAM SYED and TRISHA ANDERSON,

                      Defendants.

OPINION and ORDER

19-cv-299-jdp

---

Plaintiff George Taylor sued several prison officials at Columbia Correctional Institution (CCI), his former institution, regarding their responses to his extensive foot problems. I recently granted defendants' exhaustion motion, dismissing several claims and defendants from this case. Dkt. 82. Taylor has since filed several motions. He asks me to reconsider his federal-law claims against two defendants whom I dismissed on exhaustion grounds. Dkt. 83. He asks me to reconsider my decision to dismiss his state-law negligence claims against several defendants. Dkt. 85. He asks to amend his complaint to add new factual allegations against two existing defendants, Dkt. 86, as well as new claims against prison officials at his current institution, Green Bay Correctional Institution (GBCI), Dkt. 89 and Dkt. 94. And he asks to extend the deadline for dispositive motions to accommodate the proposed amendments to his complaint. Dkt. 91. I will grant Taylor's motion for reconsideration regarding his state-law negligence claims, but I will deny the rest of his motions.

ANALYSIS

A. Motions for reconsideration

Taylor asks me to reconsider two aspects of my order granting defendants' exhaustion motion. First, he asks me to reconsider my dismissal of his Eighth Amendment claims against defendants Dale Paul and Denise Valerius. Dkt. 83. I dismissed these claims because Taylor had not exhausted his administrative remedies for these claims before filing this lawsuit. Dkt. 82. Taylor says that he has now exhausted his remedies. But as I explained in dismissing these claims, the Prison Litigation Reform Act requires a prisoner to exhaust his remedies before filing a lawsuit, so any exhaustion efforts after filing are too late. *See* Dkt. 82, at 3–4. Taylor does not contend that he exhausted his remedies before he filed this lawsuit, so I will deny this motion.

Second, Taylor asks me to reconsider my dismissal of his state-law negligence claims against defendant prison medical officials Valerius, Salam Syed, and Trisha Anderson. Dkt. 85. I dismissed these claims, along with his negligence claims against defendants Dale Paul and Lori Doehling, because Taylor had not given notice to Wisconsin's attorney general pursuant to Wisconsin's notice-of-claim statute before filing this suit. Dkt. 82. Taylor contends that I erred in dismissing his negligence claims against Valerius, Syed, and Anderson because his claims against these defendants were really medical malpractice claims and therefore not subject to the statute's notice requirements.

Wisconsin's notice-of-claim statute expressly exempts medical malpractice claims from its requirements. Wis. Stat. § 893.82(5m). Defendants say that this exemption does not apply to Taylor's claims because I gave Taylor leave to proceed only on negligence claims in screening his complaint. *See* Dkt. 12, at 8. But under Wisconsin law, a medical malpractice claim is

2

simply a claim that a medical provider gave negligent care. *See Smith v. Hentz*, No. 15-cv-633, 2018 WL 1400954, at *3 (W.D. Wis. Mar. 19, 2018). Taylor's negligence claims against these defendants are based on the quality of medical care they provided him, so they are medical malpractice claims and are therefore exempt from the notice-of-claim statute.

Defendants also contend that Taylor waived this argument because he failed to raise it in his response to their motion regarding exhaustion and notice. But I will not deny Taylor's motion for this reason alone. A decision to reconsider a prior ruling is a matter within my discretion. *See Doe v. Howe Military Sch.*, 227 F.3d 981, 992–93 (7th Cir. 2000). Because Taylor is litigating this case without the benefit of counsel, I am reluctant to deny his motion on the ground of waiver when he has identified an error of law in my prior ruling and when reconsideration will not unduly prejudice defendants. So I will grant Taylor's motion and reinstate his negligence claims against Valerius, Syed, and Anderson. Because the deadline for dispositive motions is close at hand, I will extend that deadline to give defendants additional time to address these claims.

**B. Proposed amendments to Taylor's complaint**

Taylor asks to amend his complaint to add several new claims. At this stage of litigation, unless Taylor has defendants' consent to amend his complaint (which he does not), he may only do so by leave of court. Fed. R. Civ. P. 15(a)(2). I should "freely give leave when justice so requires." *Id.* But I may decline to give leave if, for example, Taylor has engaged in undue delay or if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Taylor asks to add new allegations against Syed and Paul. Dkt. 86. Taylor offers no reason for his delay of nearly a year to raise his allegations against Syed other than the fact that he previously overlooked them. Taylor's sole allegation against Paul is that he suggested a

particular type of shoe to ease his foot pain. He says that because Paul is a correctional officer, not a medical professional, his suggestion violated Taylor's Eighth Amendment rights and state negligence law. Taylor has alleged merely that Paul made a suggestion that Paul intended to be helpful. This does not describe an Eighth Amendment violation, which requires a "culpable state of mind." *Dunigan ex rel. Nyman v. Winnebago Cty.*, 165 F.3d 587, 591 (7th Cir. 1999). Taylor does not explain why only a medical professional could recommend a pair of comfortable shoes, nor does he allege that he has complied with the state notice-of-claim statute regarding this claim. So Taylor has not justified his delay to raise his claims regarding Syed, and the proposed amendment would be futile regarding his claim against Paul. Accordingly, I will deny this motion.

Taylor also asks to add claims against several new prison officials at GBCI. Dkt. 89 and Dkt. 94. But Federal Rule of Civil Procedure 20(a)(2)(A) allows multiple defendants to be joined in a lawsuit only if the plaintiff asserts at least one claim against each defendant that "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences." Claims against different prison officials at two different prisons for conduct at different times do not satisfy Rule 20's requirements. So I will deny these motions as well.

Taylor proposes to extend the deadline for dispositive motions to accommodate the requested amendments. Dkt. 91. I am denying Taylor leave to amend his complaint, but I am also extending the deadline in response to his motion for reconsideration, so I will deny this motion as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor's motion for reconsideration regarding the dismissal of his Eighth Amendment claims against defendants Dale Paul and Denise Valerius, Dkt. 83, is DENIED.

2. Taylor's motion for reconsideration regarding the dismissal of his state-law negligence claims against defendants Valerius, Salam Syed, and Trisha Anderson, Dkt. 85, is GRANTED. The deadline for dispositive motions is now June 1, 2020.

3. Taylor's motions to amend his complaint, Dkt. 86; Dkt. 89; and Dkt. 94; are DENIED.

4. Taylor's motion to extend the deadline for dispositive motions, Dkt. 91, is DENIED as moot.

Entered April 22, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge